UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER O'BRIEN, AS ADMINISTRATOR OF THE ESTATE OF ALLISON MARIE LAKIE,<br><br>      Plaintiff,<br><br> v.<br><br>THE CITY OF SYRACUSE, SYRACUSE MAYOR BEN WALSH, SYRACUSE POLICE DEPARTMENT CHIEF KENTON BUCKNER, DEPUTY MAYOR SHARON OWENS, LT. DAVID HART, SERGEANT MATTHEW LIADKA, OFFICER KENNETH SHEEHAN, OFFICER NICOLAS SARALEGUI-MARTIN, OFFICER SARGENT, OFFICER FRANCISCO, OFFICER MAKENZIE GLYNN, OFFICER NIKKO, POLICE OFFICERS JOHN/JANE DOES 1-10,<br><br>      Defendants. | Civil Action No.: 5:22-CV-00948 (MAD/TWD) |

**STIPULATED PROTECTIVE ORDER REGARDING MATERIALS CONTAINING CONFIDENTIAL INFORMATION**

  **WHEREAS** the parties to the above-captioned action have agreed that certain discovery material be treated as confidential;

**IT IS HEREBY STIPULATED AND ORDERED:**

1. This Protective Order shall govern the handling of information produced or disclosed during the course of the litigation in this action, whether revealed in a document, deposition, other out-of-court, pre-trial testimony, discovery response, or otherwise (collectively herein "Discovery Material"), when it is designated as "Confidential Information" as defined in this Protective Order.

{H5297521.2}

2.  <u>Designation of Materials as Containing Confidential Information.</u> Either party may designate Discovery Material produced in this litigation as "Confidential Information" as set forth below:

    (a)  The designation of Confidential Information in any document shall be made by:

        (i)  placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL"; or

        (ii)  designating the document as "CONFIDENTIAL" within the electronic file name of the document.

    (b)  Any Producing Party shall, through counsel, designate Discovery Material as containing Confidential Information only when it contains sensitive and personal information relating to or consisting of any personnel, Office of Professional Standards ("OPS"), or internal administrative[1] records of Defendants or any other City employees, medical information/records, and mental health information/records. Medical information/records for any party (which includes mental health information/records), police officer personnel, recorded interviews of minor children recorded for purposes of this lawsuit, OPS, internal administrative records, income information, and criminal court information/records obtained through discovery or the provision of releases from a Producing Party to the Receiving Party shall *automatically* be deemed Confidential Information (regardless of whether marked as "CONFIDENTIAL" in accordance with Paragraph (2)(a)). Other documents

---

[1] This shall include non-publicly available materials associated with any Citizen Review Board ("CRB") proceedings.

{H5297521.2}

        may be designated as confidential upon consent of the parties or by order of the Court.

    (c)    The parties shall make all reasonable efforts to designate Confidential Information in any document prior to, or contemporaneously with, the production or disclosure of that information. At any time, the Producing Party may designate any information as confidential that has already been produced—and which was not initially designated as "CONFIDENTIAL" — by notifying, in writing, the Receiving Party that the produced material contained Confidential Information, however, such designation may be challenged for good cause shown.

    (d)    The designation of "CONFIDENTIAL" on any material shall not mean that the entire material is confidential. Only the confidential information (as described by Paragraph 2(b)) contained in any designated material shall be confidential and protected from disclosure.

3.    <u>Disclosure of Confidential Information.</u> Information designated as confidential under this Order shall not be used, disclosed, or disseminated by the parties or counsel for the parties or any persons identified in Paragraph 3(a) below for any purposes whatsoever other than preparing for and conducting the above-captioned litigation. Disclosures may be made only in the following circumstances:

    (a)    Disclosure may be made to (i) stenographers engaged for depositions, (ii) consultants or experts retained by the parties' counsel to assist in the litigation, (iii) to a witness at a deposition, or (iv) to the Court.

    (b)    Prior to disclosure to a person listed in Paragraph 3(a) above (other than to the Court, Court personnel, or Court stenographer), the party's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as **Exhibit A**, not to use the Confidential Information for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Information except in testimony taken in this case. The signed consent shall be retained by the counsel for the party disclosing the information.

    (c)    Disclosure may be made to any member of the staff of a party's attorney's law office to whom such disclosure is reasonably necessary to the preparation and presentation of a party's case in this action.

4.    <u>Use of Confidential Information.</u> If a party to this action seeks to file any pleading, motion, memorandum, appendix, exhibit, or other judicial filing that contains or incorporates any Confidential Information, counsel shall either file such information with all confidential information redacted, or otherwise provide notice to all other counsel in the case at least fifteen (15) days before filing such information in unredacted form. Upon such notice, the producing party shall have the option of:

    (a)    Moving for leave to permit the filing of the materials containing Confidential Information under seal. The designation of Discovery Material as Confidential Information does not mean that any party has agreed that the Discovery Material also meets the standard for filing information under seal with the Court. A party seeking to seal a document shall comply with

{H5297521.2}

N.D.N.Y. Local Rule 5.3 (formerly Local Rule 83.13) and in Section 2(F) of District Judge D'Agostino's Individual Rules and Procedures for Civil Cases. Confidential Information consisting of categories of information requiring personal privacy protection are governed by N.D.N.Y. Local Rule 5.2 (formerly Local Rule 8.1), which shall be complied with independently of this order; or

(b) With respect to police officer personnel, OPS, and internal administrative records, directing the opposing party to redact non-material portions of such documents, including embarrassing or personal information, or private data or information not covered by N.D.N.Y. Local Rule 8.1. The filing party shall comply with all reasonable redaction requests that are compliant with this subparagraph before filing or otherwise using such information.

(c) Nothing in this section shall prohibit either party providing the information with the Court with confidential information redacted.

(d) Nothing in this section shall prohibit a party from introducing Confidential Information as evidence at trial so long as the information is deemed to be both relevant to the merits of the dispute and is otherwise admissible.

5. <u>Return of Designated Material at Conclusion of Litigation.</u> Within ninety (90) days of the conclusion of the litigation, the Receiving Party and its counsel shall make a good faith effort to either return or destroy all material treated as containing Confidential Information under this Order and not received in evidence to the originating party. Notwithstanding the provisions herein, counsel for the Receiving Party shall be entitled to retain their own court papers, deposition and trial transcripts, and marked exhibits

{H5297521.2}

only. All other Confidential Information, or documents containing or referencing such information, shall be destroyed or returned under this paragraph. Neither party may reference or make representations regarding the content or substance of any Confidential Information for purposes of any other lawsuit or future matter.

6. <u>Application of this Order.</u> The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

7. <u>Duration.</u> This Order shall remain in full force and effect until modified, superseded, or terminated by the consent of the parties or by Order of the Court, and shall survive termination of this action.

8. <u>The Court's Retention of Discretion</u>. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

By: */s/ Richard Cardinale*

**Richard Cardinale, Esq.**
26 Court Street - Suite 1507
Brooklyn, NY 11242
(718) 624-9391

By: *[signature]*

**John G. Powers, Esq.**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
(315) 565-4500

*Counsel for Defendants*

**Michael Hueston, Esq.**
16 Court Street, 35th Floor
Brooklyn, NY 11241
(718) 246-2900

*Counsel for Plaintiff*

{H5297521.2}

IT IS SO ORDERED:

_____
Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated: 10/25/2023

# **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement and Order in the United States District Court for the Northern District of New York dated _____ in the action entitled *O'Brien v. City of Syracuse, et al.*, 5:22-CV-00948 (MAD/TWD) and understands the terms thereof. The undersigned agrees not to use Confidential Information defined herein for any purpose other than in connection with the prosecution of this case and will not further disclose the Confidential Information except in testimony taken in this case.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |

{H5297521.2}